Eugene SCHOFIELD, Plaintiff,

v.

Harold W. CLARK, Carol Mici, Paul F. Oxford and James Saba, Defendants.

Civil Action No. 09–40204–NMG.

United States District Court, D. Massachusetts.

Feb. 8, 2010.

Eugene Schofield, Norfolk, MA, pro se.

Charles W. Anderson, Jr., Department of Correction, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, pro se prisoner Reverend Eugene Schofield ("Schofield") seeks a Temporary Restraining Order ("TRO") precluding various Massachusetts Department of Corrections ("DOC") offi-

cials (collectively, the "defendants") from transferring him from one DOC facility to another. The defendants, in turn, seek miscellaneous relief from the Court, including an extension of time to respond to Plaintiff's complaint and an exemption from Local Rule 7. 1(a)(2).

## I. *Background*

On November 12, 2009, Schofield filed a complaint against Harold W. Clark, the Commissioner of the Massachusetts Department of Corrections, as well as several other DOC officials, including Carol Mici, Paul Oxford and James Saba, alleging violations of 42 U.S.C. § 1983. The crux of Schofield's complaint is that the defendants were deliberately indifferent to his need for protection from threats and assaults by other inmates and retaliated against him for filing numerous grievances and lawsuits against them.

At the time Schofield filed his complaint, he was confined at the North Central Correctional Institution ("NCCI") in Gardner, Massachusetts. He had previously been housed at several other state correctional facilities, including the Souza–Baranowski Correctional Center ("SBCC") in Shirley and the Old Colony Correctional Center ("OCCC") in Bridgewater. Schofield alleges that while he was at OCCC, he was threatened by several other inmates and called a "snitch" for "ratting out some people in the chaplain's office".[1] Sometime in the summer of 2008, Schofield was transferred from OCCC to SBCC for unstated reasons, despite his pleas to remain at OCCC. Upon arrival at SBCC, Schofield refused to move into the general population, requesting instead to be placed in protective custody. He was disciplined for refusing to comply with his housing assign-

---

1. The complaint does not specify who he al-    legedly ratted out or his reasons for doing so.

ment and placed directly into SBCC's segregation unit.

On January 12, 2009, Schofield was transferred from SBCC to NCCI, also for unstated reasons. While at NCCI, he filed repeated grievances against various prison officials alleging racial threats, intimidation and verbal assault. He also filed several lawsuits on behalf of himself and other inmates and soon established the reputation as a "jailhouse lawyer". Schofield claims that as a result of filing those grievances and lawsuits, prison officials became hostile towards him and gave him the "evil eye".

Schofield alleges that on or about October 10, 2009, he was physically assaulted without provocation by an inmate in his housing unit at NCCI. He claims that the investigating officer accused him of starting the fight and placed him in segregation. Schofield wrote a letter to the Superintendent of NCCI, explaining that he was not responsible for the fight and requesting that he be placed back into the general population. The Superintendent apparently denied his request and instead recommended that he be transferred to another facility. After convening a reclassification hearing on October 28, 2009, the Classification Board recommended that Schofield be transferred to Massachusetts Correctional Institution–Norfolk ("MCI–Norfolk").

After the Classification Board announced its decision, Schofield promptly commenced the instant lawsuit, alleging eight counts against the defendants (in their personal and official capacities), including violations of 42 U.S.C. § 1983 and the First, Eighth and Fourteenth Amendments to the United States Constitution, as well as negligent supervision, vicarious

liability and negligent infliction of emotional distress. In his prayer for relief, he requests compensatory and punitive damages and well as immediate injunctive relief precluding his transfer to the Norfolk facility.

On the same date that he filed his complaint, Schofield moved for a TRO in an effort to prevent the defendants from transferring him from NCCI to MCI–Norfolk. He claims that, if he were transferred to MCI–Norfolk, his life "could potentially be in danger" because friends of the inmates who threatened him in the past "could be at Norfolk".

## II. *Analysis*

### A. Plaintiff's Motion for a TRO (Docket No. 2)

#### 1. Legal Standard

To obtain an injunction, Schofield bears the burden of demonstrating:

1) a substantial likelihood of success on the merits, 2) a significant risk of irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) a fit (or lack of friction) between the injunction and the public interest.

*Nieves–Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir.2003) (citation omitted). The likelihood of success on the merits is the critical factor in preliminary injunction analysis. *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir.1993) (citations omitted).

#### 2. Application

Plaintiff's motion for a TRO is hereby denied on two grounds. First and foremost, it appears that Schofield has already been transferred from NCCI Gardner to MCI–Norfolk.[2] Therefore, the injunctive relief he is seeking, i.e., a Court

---

**2.** On December 14, 2009, Plaintiff filed a notice of change of address indicating that he

now resides at MCI–Norfolk.

order precluding his transfer to Norfolk, is no longer feasible. Accordingly, his complaint is moot insofar as it seeks equitable relief.

■ In any event, Plaintiff has not demonstrated that he meets the requirements necessary to obtain injunctive relief. Schofield has not made a strong showing that he will prevail on the merits of his claim nor has he demonstrated that he faces a significant risk of irreparable harm if he is confined at MCI–Norfolk. In fact, the only justification he offers in support of his request for injunctive relief is the *possibility* that friends of the inmates who threatened him at OCCC *might* be housed at MCI–Norfolk. He does not explain, however, why he believes that his aggressors' friends are more likely to be housed at MCI–Norfolk than at any other state correctional facility, nor why they pose a genuine threat to his safety. Plaintiff's subjective fear that he will harmed, without any factual predicate or rational justification, is insufficient to merit an award of injunctive relief.

**B. Defendants' Motions for Exemption from Local Rule 7.1(a)(2) (Docket No. 15) and for an Extension of Time to Respond to Plaintiff's Complaint (Docket No. 16)**

The defendants request that the Court exempt them from the requirements of Local Rule 7.1(a)(2) with respect to all motions, reasoning that attempts to confer with the plaintiff would be unduly burdensome and unlikely to be unproductive. Given that the plaintiff is a pro se inmate, the defendants' concern is legitimate and their motion for an exemption from Local Rule 7.1(a)(2) will be allowed.

The Court will also allow the defendants' motion for an enlargement of time to investigate and obtain relevant documentation from the correctional facilities.

The defendants were not served until mid-January and, due to the large volume of complaints filed against the DOC and its employees, the case was not assigned to counsel until January 29, 2010. Moreover, given that Plaintiff's request for injunctive relief is now moot, setting an early deadline for the filing of pleadings is no longer necessary. Accordingly, the Court will allow the defendants until March 16, 2010, to file a responsive pleading.

### ORDER

In accordance with the foregoing,

1) Plaintiff's motion for injunctive relief (Docket No. 2) is **DENIED** as moot; and

2) Defendants' Motions for Exemption from Local Rule 7.1(a)(2) (Docket No. 15) and for an Enlargement of Time (Docket No. 16) are **ALLOWED** and Defendants are directed to file a responsive pleading on or before March 16, 2010.

**So ordered.**